On respondent's motion for reconsideration filed June 3, reconsideration allowed; opinion (128 Or App 283, 875 P2d 523) modified and adhered to as modified July 6, 1994

In the Matter of
Laurentian Capital Corporation
Cease and Desist Order.

LAURENTIAN CAPITAL CORPORATION,
*Petitioner,*

*v.*

STATE OF OREGON,
DEPARTMENT OF INSURANCE
AND FINANCE,
Insurance Division,
*Respondent,*

*and*

PACIFIC NORTHWEST
LIFE INSURANCE COMPANY,
*Intervenor.*

(90-05-037; CA A69025)

877 P2d 1212

Theodore R. Kulongoski, Attorney General, Virginia L. Linder, Solicitor General, and Jas. Adams, Assistant Attorney General, for petition.

Before Deits, Presiding Judge, and Riggs and Haselton, Judges.

HASELTON, J.

### HASELTON, J.

The Department of Insurance and Finance (DIF)[1] has moved for reconsideration, asserting that our opinion mischaracterized the scope of its Cease and Desist Order and disputing our statement that DIF offered "inconsistent readings" of that order before this court. We grant reconsideration to clarify our opinion in these respects and adhere to our opinion as modified.

DIF's Cease and Desist Order is ambiguous. Although the Final Order clearly referred to Laurentian's proxy solicitation as evidence of its "reneging," justifying DIF's withdrawal of its 1987 Order of Approval, the Final Order also acknowledged that Laurentian's proxy solicitation "constitutes neither a violation of the 1987 Order of Approval nor an acquisition." Moreover, the Cease and Desist Order itself does not refer to proxy solicitation. Thus, we cannot tell whether Laurentian's proxy solicitation activities were merely the catalyst for DIF's actions or are themselves controlled by the terms of the Cease and Desist Order.

DIF's arguments to this court, although not necessarily inconsistent, presented varying characterizations of the Cease and Desist Order. In addition to those statements quoted in our original opinion, we note further remarks by counsel at oral argument:

> "Lastly, I just want to clarify that I think one of the assignments petitioner has made is that it isn't clear what they need to do. And, again, I just want to emphasize that I think it is clear that what Laurentian needs to do at this point is that it must seek DIF approval of all further acquisitions of stock notwithstanding the 1987 order of approval up to 50 [percent], and in addition, it must gain a 2/3 shareholder approval under ORS 732.545."

We do not regard those statements as embodying a waiver or concession that the Cease and Desist Order does not pertain to proxy solicitation activities. *See* ORAP 6.15(4). We do, however, view them as supporting our view

[1] DIF is now titled the Department of Consumer and Business Services.

that DIF's order is reasonably susceptible to varying interpretations and must, therefore, be made more specific. ORS 731.252(1).

Reconsideration allowed; opinion modified and adhered to as modified.